# FILED

December 4 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA



DA 06-0847

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 317N

JOANNE THOMPSON and DANIEL THOMPSON,
as GUARDIANS for NATHAN THOMPSON,
AUSTIN THOMPSON, EMILY THOMPSON,
SHANDRI THOMPSON, and KASSIE THOMPSON,
and THE ESTATE OF DAWN RENEE THOMPSON,

      Plaintiffs and Appellants,

  v.

LARRY ROEDEL and CHASE CALDER,

      Defendants and Appellees,

LARRY ROEDEL,

      Cross-Plaintiff,

  v.

CHASE CALDER,

      Cross-Defendant.

LARRY ROEDEL,

      Third Party Plaintiff,
  v.

TODD GARDNER, DAVAR M. GARDNER and
DONOVAN BERGESON,

      Third Party Defendants.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                 In and For the County of Flathead, Cause No. DV 2006-103(A)
                 Honorable Katherine R. Curtis, Presiding Judge

COUNSEL OF RECORD:

    For Appellants:

        Peter F. Carroll, Attorney at Law, Kalispell, Montana

    Third Party Defendants:

        Trent M. Gardner, Goetz, Gallik & Baldwin, P.C., Bozeman, Montana

Submitted on Briefs:  November 14, 2007

Decided:  December 4, 2007

Filed:

_____
                    Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This is an appeal by Joanne Thompson and Daniel Thompson as Conservators for Nathan Thompson, Austin Thompson, Emily Thompson, Shandri Thompson and Kassie Thompson, and the Estate of Dawn Renee Thompson (collectively "Thompsons") from the District Court's October 4, 2006 order denying their motion to intervene in a third-party action between Larry Roedel and Todd Gardner, Davar M. Gardner and Donovan Bergeson (collectively "Gardners").

¶3 This case stems from an allegedly fraudulent real estate transaction between Todd Gardner and Chase Calder. Calder had been granted a durable power of attorney from Roedel. Roedel's third-party complaint alleged that the sale of the real property from Roedel (through Calder under the power of attorney) to Third Party Defendant Todd Gardner (which took place while Roedel was incarcerated for the murder of Dawn Thompson) was fraudulent because Calder acted without Roedel's knowledge or consent and that Gardner knew or should have known that the transfer was fraudulent. Thompsons, who represent the estate of Dawn Thompson and Thompson's children, moved to intervene in the third-party action between Roedel and Gardner. Thompsons

argued that Dawn Thompson likely had an interest in the properties in question as a result of her common law marriage to Roedel and that there is also a pending survivorship action against Roedel which could result in a judgment in their favor against Roedel. Thompsons contended that any such judgment could be satisfied using the properties at issue in the third-party action, thus justifying their right to intervene in that action.

¶4 Gardners opposed the motion arguing that Thompsons failed to submit a pleading with their motion as required by M. R. Civ. P. 24, that the motion was not timely, and that Thompsons' interest in the subject property is too tenuous and speculative for intervention.

¶5 Citing M. R. Civ. P. 24(a), the District Court observed that motions to intervene must be timely. The court determined that Thompsons knew of their claimed interest in the properties in question and the potential need to protect that interest since at least February 16, 2006, when Roedel's third-party complaint was filed. The court noted that Gardners filed a motion to dismiss on April 11, 2006, which was converted to a motion for summary judgment on July 24, 2006. Thompsons filed their motion to intervene on August 22, 2006, significantly after the deadline set by the court for the filing of briefs in opposition to summary judgment. The court determined that Thompsons delayed seeking leave to intervene until such time as the court would have had no choice but to substantially delay the summary judgment proceeding to hear their arguments. On that basis, the court determined that Thompsons' late filing was not timely and denied their motion to intervene.

¶6 Having reviewed the record, the District Court's decision and the parties'

arguments on appeal, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the Thompsons' appeal is without merit because the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶7    For the foregoing reasons we affirm the judgment of the District Court.


/S/ JAMES C. NELSON


We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS